IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAREEM DAWUD FARRAKHAN, | ) | |
| | ) | 8:05cv444 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |
| CITY OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Filing No. 9, the Motion to Dismiss filed by the defendant, the City of Omaha, Nebraska; and Filing No. 13, the Motion for Appointment of Counsel filed by the plaintiff, Kareem Dawud Farrakhan. This case contains a severable claim within a series of cases brought by the plaintiff under the Fair Housing Act ("FHA"), 42 U.S.C.§§ 3601-3631 (Title VIII of the Civil Rights Act of 1968), and other civil rights statutes and federal constitutional provisions, alleging that the City of Omaha has made unavailable or denied dwellings to persons of African-American descent, including the plaintiff, as a result of racial discrimination.

In this and his other cases, the plaintiff asserts that the City targeted the plaintiff's neighborhood on the Near North Side of Omaha, inhabited predominantly by low-income persons of African-American descent, and moved all the African-Americans out to allow private, commercial redevelopment of the area, so as to increase tax revenues for the City. According to the plaintiff, the African-American former residents of the area are now being forced to relocate to low-income housing in already racially segregated neighborhoods in the Eastern and Northern parts of Omaha.

In this case, the plaintiff complains that the City has most recently discriminated and retaliated against him in two ways: First, the City has limited the plaintiff's relocation assistance funds by refusing to compensate him for approximately one-third of the square footage of his home seized by eminent domain for redevelopment; and second, the City has limited where the plaintiff may live, as a condition of receiving relocation assistance.[1]

The Fair Housing Act, commonly referred to as Title VIII, was passed "to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. The Act makes it unlawful to "make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." Id. § 3604(a). In 1988, Congress extended parts of the FHA to include people with disabilities. Community Services, Inc. v. Wind Gap Mun. Authority, 421 F.3d 170, 176 (3d Cir. 2005). The FHA imposes an "affirmative duty" on the federal government and the grantees of federal housing funds to "administer their programs and activities relating to housing and urban development ... in a manner affirmatively to further the purposes [of the Act]." Id. § 3608(d).

Even without actual racial animus, an action or practice can violate the Fair Housing Act if the effect of the action or practice is to segregate or "resegregate" (i.e., perpetuate the effects of prior racial discrimination or operate to freeze the status quo of prior discriminatory practices) without demonstrably advancing whatever interest is asserted in justification of the challenged conduct or practice. In other words, Title VIII will support an "impact" claim. "[T]he consensus among the circuits that have discussed this issue in

---

[1] All race-based governmental actions are subject to strict scrutiny. Limitations on neighborhoods to which the plaintiff may relocate would be particularly questionable.

the housing context is that the Fair Housing Act prohibits actions that have an unjustified disparate racial impact, and we find their reasoning persuasive." Langlois v. Abington Housing Authority, 207 F.3d 43, 49 (1st Cir. 2000). Thus, "'at least under some circumstances,' a plaintiff can prevail without proving intent to discriminate." Hispanics United of DuPage County v. Village of Addison, 988 F. Supp. 1130, 1151 (N.D. Ill. 1997) (citation omitted). Accord 2922 Sherman Ave. Tenants' Ass'n v. District of Columbia, 444 F.3d 673, 679 (D.C. Cir. 2006) ("[E]very one of the eleven circuits to have considered the issue has held that the FHA similarly prohibits not only intentional housing discrimination, but also housing actions having a disparate impact.").

The City contends that the plaintiff has failed to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court disagrees. The plaintiff has stated substantial claims. Filing No. 9, the City's Motion to Dismiss is denied.

In Filing No. 13, the plaintiff requests appointment of counsel to assist him in this matter. However, there is no "right to counsel" in a civil case, even in a civil rights action, and the court cannot routinely appoint counsel in civil cases. Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996). One factor the court considers is whether the plaintiff has sought private representation, e.g., on a contingent fee basis. Bothwell v. Republic Tobacco Co., 912 F. Supp. 1221 (D. Neb. 1995). The plaintiff is free to come to the courthouse and search the court's electronic filing system for previous civil rights cases handled by Omaha attorneys, in order to find attorneys to approach for potential representation. The Clerk's office does not charge any fees for assisting members of the public who need help using the public computer terminal in the Clerk's office. In any event, at this time, Filing No. 13 is denied, without prejudice to reconsideration later as the case progresses to trial.

THEREFORE, IT IS ORDERED:

1. That Filing No. 9, the Motion to Dismiss filed by the defendant, the City of Omaha, is denied;

2. That the defendant shall answer the Amended Complaint (attachment to Filing No. 11) within the time specified in Fed. R. Civ. P. 12(a)(4)(A); and

3. That Filing No. 13, the Motion for Appointment of Counsel filed by the plaintiff, Kareem Dawud Farrakhan, is denied, without prejudice to reconsideration later as the case progresses to trial.

DATED this 1st day of June, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge